IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEWIS BENNETT III, # 191854, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRISTOPHER GORDY, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:13cv625-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Daniel Lewis Bennett III ("Bennett"), an Alabama prisoner at Ventress Correctional Facility when he filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), seeks removal of a detainer placed on him by federal authorities after revocation of his federal supervised release. He maintains that the detainer has adversely affected his eligibility for certain rehabilitative/institutional programs while in the custody of the Alabama Department of Corrections, in violation of his right to due process. Doc. No. 2 at 2-3. For the reasons that follow, the court finds that Bennett's petition should be denied.

**I. BACKGROUND**

In 1996, Bennett was convicted of first-degree robbery in the Circuit Court of Mobile County, Alabama, and was sentenced to 20 years in state prison. Case No. CC-96-1870 (Mobile County). That same year, Bennett was also convicted on federal carjacking and narcotics charges, for which the United States District Court for the Southern District of

Alabama imposed lengthy federal sentences. *See United States v. Bennett*, 1:96cr141-RV (S.D. Ala.) & *United States v. Bennett*, 1:96cr79-CS (S.D. Ala.).[1]

In 2007, Bennett was paroled from his state sentence and was also placed on supervised release from his federal sentences. In June 2007, however, he was arrested on new federal controlled substance charges, to which he later pled guilty and for which he was sentenced to 24 months' imprisonment to run consecutively with his previously imposed federal sentences. *See United States v. Bennett*, 1:07cr237-CG (S.D. Ala.).

Based on Bennett's commission of the new federal offense, the Alabama Board of Pardons and Paroles revoked Bennett's state parole on June 20, 2007, and remanded him to the custody of the Alabama Department of Corrections ("ADOC") to serve the remaining portion of his 20-year sentence for robbery. *See* Doc. No. 2 at 2. (Bennett was still in ADOC custody serving that sentence when he file the instant § 2254 petition.)

In February 2008, the United States District Court for the Southern District of Alabama revoked Bennett's federal supervised release (based on his new conviction) and imposed an imprisonment term of 27 months to run consecutively with his new 24-month sentence. *See United States v. Bennett*, 1:96cr79-CS (S.D. Ala), Doc. No. 313.

In his § 2254 petition, Bennett claims that a detainer federal authorities placed on him after revocation of his supervised release remains "open" and, as a consequence, is adversely

---

[1] The court has gleaned some of the factual background set forth here by taking notice of the records in Bennett's various cases in the United States District Court for the Southern District of Alabama.

2

affecting his eligibility for ADOC's rehabilitative/institutional programs while in state custody. Doc. No. 1; Doc. No. 2 at 2-3. Apparently, that detainer was filed with ADOC notifying the state that Bennett is subject to a total 51-month (24 months + 27 months) Bureau of Prisons ("BOP") term of imprisonment following completion of his state sentence. Bennett seeks an order from this court directing that the detainer against him be removed. Doc. No. 1 at 15; Doc. No. 2 at 2-4.

## II. DISCUSSION

Assuming that a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the proper vehicle for Bennett to seek the relief he requests,[2] it is well settled that the mere fact a detainer has adverse consequences upon a prisoner's eligibility for rehabilitative/institutional programs does not implicate due process concerns. *Moody v.*

---

[2] To the extent Bennett's attempt to obtain removal of the detainer may be viewed as seeking credit on his federal sentence for time served in ADOC custody, his petition is more properly considered as a 28 U.S.C. § 2241 petition, as opposed to a § 2254 petition. "A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed." *White v. Young*, 2010 WL 686397, at *4 (W.D. La. 2010); *see Coady v. Vaughn*, 251 F.3d 480, 485 (3rd Cir. 2001). However, the general rule is that "a federal sentence begins when the defendant is received for transportation to or arrives at the official detention facility at which the sentence is to be served." *Kennedy v. Terrell*, 2010 WL 2130976, at *4 (D. Minn.) (citations omitted), report and recommendation adopted, 2010 WL 2130995 (2010); *see also* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Because Bennett had not yet begun the 51-month federal term referenced in the challenged detainer when he filed the instant petition, any attempt on his part to challenge the BOP's calculation of his release date and the time credited against his federal sentence is premature in a petition under § 2241. Because the State of Alabama had primary custody over Bennett when he filed his petition, his federal sentence would commence "only when the state authorities relinquish[ed] [him] on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).

3

*Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Petitioner also argues that the pending warrant and detainer adversely affect his prison classification and qualification for institutional programs. We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d [451] (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system."); *see also Lovingood v. Bureau of Prisons*, 2007 WL 4374049, at *2 (E.D. Ky. 2007) ("Petitioner [ ] asserts that the federal detainer lodged with state authorities should be released because it is adversely affecting his eligibility to participate in rehabilitative programs in state prison, and because he will have served out his 15-year federal sentence long before his 81-year state sentence[ ] has been served. Lovingood cites no authority in support of his position, nor is the Court aware of any. To the contrary, it is well established that the mere fact that a detainer has adverse consequences upon a prisoner's living conditions or eligibility for rehabilitation programs at his current facility does not implicate due process concerns."); *Hamrick v. Patton*, 2006 WL 2092392, at *2 (E.D. Ky. 2006) ("Petitioner is further advised that to the extent he alleges that the pending detainer adversely affects his prison classification and qualification for institutional programs, such as the RDAP, his claim would suffer on the merits. Courts have rejected the notion that every state action carrying adverse

4

consequences for prison inmates automatically activates a due process right.").

Therefore, to the extent Bennett contends that the federal detainer lodged with state authorities should be removed because it adversely impacts his ability to participate in ADOC's rehabilitative/institutional programs, this contention is due to be rejected inasmuch as such collateral consequences do not "rise to the level of a constitutional deprivation for which habeas relief can be granted." *Barth v. Warden, FCI Fort Dix*, 2009 WL 2634656, at *3 (D. N.J. 2009).[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus be DENIED and that this action be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 21, 2015. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error

---

[3] Bennett's request for relief based on the alleged adverse consequences upon his eligibility for ADOC's rehabilitative/institutional programs is arguably moot as well, as it appears that Bennett has completed and been released from his state sentence since filing his petition.

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of July, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE